## SMITH *v.* O'GRADY, WARDEN.

No. 364. Argued January 17, 1941.—Decided February 17, 1941.

*Mr. William L. Marbury, Jr.,* for petitioner, acting under an assignment by the Court.

*Mr. Clarence S. Beck,* Assistant Attorney General of Nebraska, with whom *Messrs. Walter R. Johnson,* Attorney General, *H. Emerson Kokjer,* and *Charles F. Bongardt,* Assistant Attorneys General, were on the brief, for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

The question presented is whether petitioner's application for writ of habeas corpus filed in a Nebraska state court alleged facts which if proven entitled him to release from prison because he was held pursuant to a court judgment rendered in violation of rights guaranteed him by the federal Constitution. The trial court declined to issue the writ, holding that the petition failed to state a cause of action justifying the relief prayed. Without requiring the state to answer and without giving petitioner an opportunity to prove his allegations, the application was dismissed. A motion for reconsideration, setting out additional facts, was similarly dismissed. On appeal, the Supreme Court of Nebraska affirmed, without opinion.

The judgment of the Nebraska Supreme Court is a final and authoritative answer to petitioner's contention that his imprisonment was illegal under the state's constitution or laws. But petitioner also contended that

his imprisonment was illegal under the federal Constitution. And in denying the writ the Nebraska court necessarily held that petitioner's allegations—even if proven in their entirety—would not entitle him to habeas corpus, even if the petition showed a deprivation of federally protected rights.[1] It was to review this question that we granted certiorari. 311 U. S. 633.

But before examining the pleadings in order to determine whether the allegations showed a deprivation of federally protected rights, it is necessary to consider a preliminary contention urged by the state. The tenor of this contention is that under Nebraska law petitioner could not have his asserted federal rights determined in habeas corpus proceedings. And, supporting this contention, there is in the record a letter to petitioner from the trial judge who originally denied the writ—a letter indicating that petitioner's only relief from illegal imprisonment was by application to the Nebraska Parole and Pardon Board. This letter is not, however, a judicial determination, and apparently no state statutes or court decisions compel the result it indicates. Nor can we lightly assume that Nebraska affords no corrective process for one who is imprisoned under a judgment rendered in violation of rights protected by the federal Constitution. That Constitution is the supreme law of the land, and "Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution."[2] Moreover, while

---

[1] It is suggested that the Nebraska Supreme Court's final judgment of affirmance rested on petitioner's failure to file a printed brief in that court, and that this was an adequate non-federal ground, precluding our review of the federal question raised. But this contention is obviously not sound, because the Supreme Court denied petitioner's motion for relief from the rule requiring printed briefs solely on the ground that upon examination of the whole record the court had found the appeal to be without merit.

[2] *Mooney* v. *Holohan*, 294 U. S. 103, 113.

the opinions of the Nebraska courts do not mark clearly the exact boundaries within which Nebraska confines the historic remedy of habeas corpus, the Nebraska Supreme Court has held that the writ was properly invoked to obtain release from imprisonment resulting from deprivation of constitutional rights.[3]  Because of this, and because a contrary conclusion would apparently mean that Nebraska provides no judicial remedy whatsoever for petitioner even though he can show he is imprisoned in violation of procedural safeguards commanded by the federal Constitution,[4] we are unable to reach the conclusion that habeas corpus is unavailable to him under Nebraska law.

It is therefore our duty to examine petitioner's allegations in order to determine whether they show that his imprisonment is the result of a deprivation of rights guaranteed him by the federal Constitution.  The heart of his charge is that he, an ignorant layman not represented by counsel, was tricked into pleading guilty to a serious offense.  Among the specific allegations are:

Petitioner, without being informed of the charges against him, was arrested in one county, and then removed to another county for two days.  There he was told he was wanted for burglary in a third county (Valley County), but would be dealt with leniently if he would plead guilty.  After a long distance telephone conversation between petitioner and a man identified as the prosecuting attorney of Valley County, a conversation arranged and listened to by the Valley County sheriff, a sentence of not over three years was agreed upon.  Petitioner was soon thereafter transferred to the Valley

---

[3] *In re Resler*, 115 Neb. 335, 338–340; 212 N. W. 765.  And see *Kuwitzky* v. *O'Grady*, 135 Neb. 466, 468; 282 N. W. 396.  Cf. *Darling* v. *Fenton*, 120 Neb. 829; 235 N. W. 582.

[4] See *Newcomb* v. *State*, 129 Neb. 69; 261 N. W. 765.

County jail. His efforts to get copies of the charges filed against him were unsuccessful, the sheriff telling him that this was "not necessary" since "everything had been 'fixed.'" After three days in the Valley County jail, and "without ever having had a copy of the charge," petitioner was taken before a trial judge, "summarily arraigned, and, upon his prearranged plea of guilty, sentenced, to his surprise and consternation, to a term of twenty years imprisonment in the Nebraska State Penitentiary." Petitioner, an uneducated layman, had no knowledge of law or legal procedure, and had never before been arrested or been in a court room for any purpose whatsoever. Upon imposition of the twenty year sentence, however, he vigorously protested, asked the court and the prosecuting attorney for a copy of the charge to which he had pleaded guilty, and, this request being refused, asked permission to withdraw his plea of guilty, requested appointment of an attorney to advise and assist him, and asked that he be given a proper opportunity to defend himself. All of these requests were refused by the court, and "within the hour" he was on his way to the penitentiary, accompanied by the sheriff. After arriving at the penitentiary he discovered "that he had been duped and inveigled into entering a plea of guilty to a charge of burglary with explosives . . .," punishable in Nebraska by twenty years to life imprisonment. Simple burglary, to which petitioner agreed to plead guilty, upon condition that he be sentenced to three years, carries a penalty of one to ten years. During the eight years petitioner has been in the penitentiary, he has done everything an uneducated person could do to bring his illegal imprisonment to the attention of the Nebraska authorities, but has not been able to get counsel because of lack of funds. His appeals to the Board of Pardons have been futile. Because of his ignorance of his rights,

and because of the trial court's failure to appoint, and his inability to obtain, counsel, the original sentence was not appealed.

These allegations, if true, undermine and invalidate the judgment upon which petitioner's imprisonment rests. The circumstances under which petitioner asserts he was entrapped and imprisoned in the penitentiary are wholly irreconcilable with the constitutional safeguards of due process. For his petition presents a picture of a defendant, without counsel, bewildered by court processes strange and unfamiliar to him, and inveigled by false statements of state law enforcement officers into entering a plea of guilty. The petitioner charged that he had been denied any real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process; that because of deception by the state's representatives he had pleaded guilty to a charge punishable by twenty years to life imprisonment; that his request for the benefit and advice of counsel had been denied by the court; and that he had been rushed to the penitentiary where his ignorance, confinement and poverty had precluded the possibility of his securing counsel in order to challenge the procedure by regular processes of appeal. If these things happened, petitioner is imprisoned under a judgment invalid because obtained in violation of procedural guaranties protected against state invasion through the Fourteenth Amendment.[5] The state court erroneously decided that the petition stated no cause of action. If petitioner can prove his allegations the judgment upon which his imprisonment rests was rendered in violation of due process and cannot stand.

*Reversed and remanded.*

---

[5] Cf. *Walker* v. *Johnston, ante,* p. 275; *Johnson* v. *Zerbst,* 304 U. S. 458; *Mooney* v. *Holohan,* 294 U. S. 103. And see *Chambers* v. *Florida,* 309 U. S. 227.