**Carroll E. HARRISON,**
**Petitioner–Appellant,**

v.

**WARDEN, MARYLAND PENITENTIARY, Respondent–Appellee.**

**No. 88–6857.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1989.

Decided Nov. 24, 1989.

charges against him when he pled guilty and whether the trial judge's passion prevented him from fairly determining whether appellant's guilty plea was voluntary. We find that appellant did understand the nature of the charges against him and that we need not address the question of the trial judge's passion because it was not raised below. Accordingly, we affirm the judgment of the district court denying appellant's petition for a writ of habeas corpus.

I.

Pursuant to a plea agreement, appellant pled guilty in Prince George's County Circuit Court on March 27, 1978, to second degree murder, assault with intent to murder, and use of a handgun in a violent crime. He was sentenced to the maximum prison term of 75 years. On state post-conviction review in 1981, appellant's sentence was vacated because it had been motivated by passion, but the reviewing court refused to vacate the conviction. *See* Joint Appendix ("J.A.") at 179–190. Appellant was resentenced to a prison term of 60 years.

Appellant filed his first federal petition for a writ of habeas corpus on October 19, 1983. The petition was denied for failure to exhaust all available state remedies. Appellant's second federal habeas petition, the subject of this appeal, was filed on February 8, 1988, and denied by the district court on October 14, 1988. *See id.* at 1. The district court addressed a number of contentions; appellant only raises two issues here. First, he contends that the trial judge's failure to inform him of the elements of second degree murder rendered his plea involuntary. Second, appellant alleges that the trial judge's passion and prejudice prevented him from fairly determining whether appellant's plea was voluntary.

Ned Greenberg (Richard Jeffery Wilson, Nancy L. Cook, Washington, D.C., David Sapp, Student Attorney, Washington College of Law, American University, Appellate Advocacy Clinic, on brief) for petitioner-appellant.

Gwynn X. Kinsey, Jr. (J. Joseph Curran, Jr., Atty. Gen., Cathleen C. Brockmeyer, Asst. Atty. Gen., Crim. Appeals Div., Baltimore, Md., on brief) for respondent-appellee.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, MURNAGHAN and WILKINS, Circuit Judges.

PER CURIAM:

The questions presented are whether appellant understood the nature of the

II.

A guilty plea cannot be accepted "unless the defendant received 'real notice

of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941)). Appellant argues that he did not receive notice that intent was an element of second degree murder and, thus, that his plea was involuntary. *See id.* 426 U.S. at 647 n. 18, 96 S.Ct. at 2258 n. 18 (holding that "intent is such a critical element of the offense of second-degree murder that notice of that element is required"). Appellee contends, however, that because the murder occurred in the course of a felony, the state need not prove specific intent to kill to obtain a conviction for second degree murder.

Maryland law does not clearly resolve the issue of whether specific intent is an element of second degree murder. *Compare Earp v. State*, 76 Md.App. 433, 545 A.2d 698, 702 (Md.App.) (stating that "a conviction for attempted second degree murder may only be sustained if the perpetrator is found to have harbored the intent to kill his victim"), *cert. granted*, 314 Md. 264, 550 A.2d 692 (Md.1988) *with Cirincione v. State*, 75 Md.App. 166, 540 A.2d 1151, 1154 n. 1 (Md.App.) (suggesting that a conviction for second degree murder could be sustained upon a showing of wanton recklessness rather than specific intent), *cert. denied*, 313 Md. 611, 547 A.2d 188 (Md.1988). We need not resolve this difficult question. Even if we accept appellant's position that specific intent is an element of second degree murder, the record makes clear that appellant understood that the state had to prove intent to kill to sustain a conviction on that charge.

The trial judge did not explicitly inquire of appellant whether he understood that specific intent was an element of second degree murder. However, explicit inquiry is not required. It is "appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson*, 426 U.S. at 647, 96 S.Ct. at

2258. That presumption is appropriate in this case. During the plea colloquy, the trial judge asked appellant if he had discussed this matter "entirely" with his counsel. Appellant responded that he had. *See* J.A. at 82. The trial judge continued:

> THE COURT: Is there anything that he has not satisfied your questions [sic], or do you have any questions you want to ask him or he hasn't been able to answer for you, something you haven't gotten around to asking him?
>
> THE DEFENDANT HARRISON: Not at this time.
>
> THE COURT: Is there anything you want to ask me?
>
> THE DEFENDANT HARRISON: No, your Honor.

*Id.* at 82–83. Moreover, at the post-conviction hearing, appellant's trial counsel testified that he discussed with appellant the nature of the offense charged "[q]uite a few times." *Id.* at 173.

The record indicates that these discussions with counsel provided appellant with notice of the charges against him generally and, more specifically, with notice that intent to kill was an element of second degree murder. Indeed, appellant must have known that intent to kill was an element of second degree murder, or he never would have entered an *Alford* plea to that count. Pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), a defendant who is unwilling to admit to the elements of an offense can plead guilty when confronted with overwhelming evidence that could lead to a more serious conviction. Appellant did not enter an *Alford* plea to either the assault with intent to murder or the use of a handgun in a violent crime charges. *See* J.A. at 74. During the plea colloquy, the prosecutor stated that an *Alford* plea was necessary on the second degree murder count because appellant continued to deny "any intent to murder." *See id.* at 78.

Near the end of the plea colloquy, the trial judge explored with appellant exactly why he was entering a guilty plea. Appellant's responses clearly indicate an under-

standing that intent to kill was an element of second degree murder:

> THE COURT: Are you pleading guilty for any reason other than the fact that you did, in fact, participate in this robbery which ended up in the death of Jerome Hales and the serious wounding of Warren Womack?
>
> THE DEFENDANT HARRISON: Yes, your Honor.
>
> THE COURT: What other reason is there?
>
> THE DEFENDANT HARRISON: Oh, no, no. I'll accept the Alford plea.
>
> THE COURT: When you say "Alford plea" you are saying you were there but you didn't pull the trigger? Isn't that what you are saying?
>
> THE DEFENDANT HARRISON: Yes, your Honor.
>
> THE COURT: That is not truly an Alford plea, but it's close enough. What you are saying is you are not the trigger man, you were there, you knew a robbery was going down, but you did not intend a death?
>
> THE DEFENDANT HARRISON: Yes, your Honor.

*Id.* at 83–84.

If appellant had not known that intent was an element of second degree murder, he would not have entered an *Alford* plea—he would have simply pled guilty. The record demonstrates that appellant knew that intent was an element of second degree murder, denied intent, and for that reason was entering an *Alford* plea. Appellant understood the nature of the charges against him and entered his guilty plea voluntarily.

### III.

■ Appellant's second argument on appeal—that the trial judge's passion prevented him from fairly determining whether appellant's plea was voluntary—was not raised in the habeas petition filed with the district court. Therefore, it was not addressed in the district court's ruling. *See id.* at 10–36; 2–8. Accordingly, we decline to review that claim here. *See, e.g., United States v. Mebane,* 839 F.2d 230, 232 (4th Cir.1988) (declining to review a claim not properly raised before the district court).

### IV.

Appellant understood the nature of the charges against him, including the elements of second degree murder, and entered his guilty plea voluntarily. Appellant's argument that passion interfered with the trial judge's ability to determine whether the plea was voluntary was not properly raised before the district court. Accordingly, the judgment of the district court denying appellant's petition for a writ of habeas corpus is

AFFIRMED.