116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel E. ROE, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 96-1310.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1997*
Decided June 13, 1997.
 
 Before RICHARD A. POSNER, Chief Judge, FRANK H. EASTERBROOK, DANIEL A. MANION, Circuit Judges.
 
 ORDER
 TINDER
 
 1
 Daniel E. Roe appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C § 2254. We affirm.
 
 
 2
 Roe was charged by information with escape, criminal mischief, and being a habitual offender. He accepted a plea agreement and pleaded guilty to escape and being a habitual offender; in return, the government dismissed the criminal mischief charge. In response to Roe's subsequent motion for post-conviction relief, however, the Indiana Court of Appeals vacated the judgment and the plea agreement because of an insufficient factual basis for the habitual offender conviction. Back in the trial court, the state court refiled the habitual offender charge, but not the criminal mischief or escape charges. Roe accepted a second plea agreement and pleaded guilty to criminal mischief and being a habitual offender. Roe then filed a motion to correct erroneous sentence, which was treated as a petition for post-conviction relief, claiming that his conviction was invalid because he was convicted of a crime with which he was not charged, given that the state had previously dismissed and had not refiled the criminal mischief charge.
 
 
 3
 In an unpublished opinion, the Indiana Court of Appeals held that Roe did not stand convicted of a crime with which he had not been charged, because its previous ruling served only to place the parties in the position they held prior to the erroneous acceptance of the guilty plea. Accordingly, the original charges against Roe "sprang back to life" upon the vacatur of his original plea agreement. Roe v. State, No. 55A01-9401-CR-22 (Ind.Ct.App. June 14, 1994). The Indiana Supreme Court denied transfer. Roe then filed in federal court a petition for a writ of habeas corpus, alleging that his right to due process was violated when he was convicted of a crime with which he was not charged. The district court denied the petition and Roe's Rule 59(e) motion to alter and amend judgment. Roe appeals, renewing the due process claim and further alleging that the state court's revitalization of the charges violates the separation of powers doctrine.
 
 
 4
 Under the recently amended § 2254(d), to obtain relief Roe must show that the state's adjudication of his claims:
 
 
 5
 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
 
 
 6
 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
 
 
 7
 28 U.S.C. § 2254(d) (1996). The amended § 2254(d) applies to cases pending on the date of its enactment. Lindh v. Murphy, 96 F.3d 856, 867 (7th Cir.1996) (en banc), cert. granted, 117 S.Ct. 726 (1997). Roe disputes only the state's legal conclusions, so we confine our analysis to § 2254(d)(1).
 
 
 8
 "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.... It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired." Mabry v. Johnson, 467 U.S. 504, 508-09 (1984). A guilty plea "cannot support a judgment of guilt unless it was voluntary in a constitutional sense. And clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' " Henderson v. Morgan, 426 U.S. 637, 644-45 (1976) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).
 
 
 9
 The state court's decision that its previous opinion merely caused the plea agreement to fall and that all charges were then revitalized is not contrary to or an unreasonable application of Henderson 's conception that due process requires notice of what the defendant is facing. Although Roe contends that the state court erred in its reading of Indiana law, and that vacating the plea agreement negated all the previous proceedings and made it necessary for both parties to start from scratch, errors of state law are not reviewable in a petition for a writ of habeas corpus. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)