I do not find any indication in the record that defendant received notice of the nature of the charge leveled against him prior to his guilty plea. I therefore respectfully dissent.
In Smith v. O'Grady (1941), 312 U.S. 329, 334, 61 S.Ct. 572,574, 85 L.Ed. 859, the Supreme Court of the United States observed that "real notice of the true nature of the charge against him [is] the first and most universally recognized requirement of due process." Accord Henderson v. Morgan (1976),426 U.S. 637, 645, 96 S.Ct. 2253, 2258; Bousley v. United States
(1998), 523 U.S. 614, 118 S.Ct. 1604, 1609.
In State v. Carter (1979), 60 Ohio St.2d 34, 38, the Supreme Court stated:
 "The question before this court is whether the defendant received notice of the charges leveled against him and, if so, did he understand the nature of those charges. As to the latter requirement, there is no easy or exact way to make such a determination, i.e., to determine what someone subjectively understands. If the defendant receives the proper information, then we can ordinarily assume that he understands that information. In this case, we must decide whether defendant's counsel, or someone else, provided defendant with information or notice of the charges. To do so, we look at all the particular facts and circumstances surrounding the case. Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.
It is clear that the trial court need not inform the defendant of each element of the offense, but must ensure that he understands the charge brought against him. State v. Rainey
(1982), 3 Ohio App.3d 441, 442:
 "In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are [sic] such that the trial court is warranted in making a determination that the defendant understands the charge. In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court. See unreported decisions of this court in State v. Moore (Feb. 5, 1981), No. 80AP-643, [1981 WL 2982], and State v. Kimble (Aug. 23, 1979), No. 79AP-71."
In Rainey, defendant's contention that he did not understand the nature of the charge was rejected in light of the following: (1) defendant had signed a detailed guilty plea form, (2) the prosecutor in court described the offense as having been committed with a firearm, (3) defendant acknowledged that his attorney had reviewed the law with him, (4) defendant's attorney's stated that he had read the Revised Code to defendant, (5) defendant had conferred with his attorney for one and three- quarter hours prior to the entry of his guilty plea, and (6) defendant was present while the prosecutor recited the facts giving rise to defendant's indictment for murder.
Similarly in State v. Wilson (Jan. 25, 1999), Fayette App. No CA98-05-006, unreported, the court observed:
 Under the totality of the circumstances test, appellate courts have found that trial courts have substantially complied with their duty to determine that the defendant understands the charge in a wide variety of ways. For instance, if the indictment is read into the record, substantial compliance can be shown. See, e.g., State v. Perry (Aug. 29, 1991), Cuyahoga App. No. 58977, unreported. If the judge names the offense or offenses and the prosecutor then provides an explanation of the circumstances of the crime, substantial compliance may be shown, even if the court neglects to inquire of the defendant as to his understanding of the charge. See, e.g., State v. Lelux (Mar. 4, 1997), Franklin App. No. APAO8-1018, unreported.
 If defense counsel asserts that he has discussed the elements of the offense with his client, substantial compliance is often shown. See State v. Tatum (Sept. 1, 1987), Franklin App. No. 87AP-331, unreported, at 4-5. See, also, State v. Watkins (Apr. 29, 1988), Cuyahoga App. No. 54307, unreported, at 2 (defense counsel told court that he explained background of case to defendant); State v. Cowan (Sept. 3, 1986), Mahoning App. No. 85 CA 107, unreported, at 3-4 (defendant admitted that counsel had reviewed evidence); State v. Floyd (July 21, 1988), Franklin App. No. 87AP-808, unreported, at 4 (defendant signed a detailed guilty plea form, discussed the offense with his attorney, and was present when a statement of facts forming the basis of the charge was read)
 In addition to statements by counsel, the defendant's own statements may provide the "other circumstances" which indicate substantial compliance with Crim.R. 11(C)(2). For instance, in State v. Randazzo
(Sept. 30, 1988), Geauga App. No. 1420, unreported, the defendant's recitation of the facts underlying, the charge revealed that the defendant understood the nature of the charge.
In this matter, the trial court ascertained that defendant understood "what [he was] pleading to." (Tr. 7). Nonetheless, the indictment which defendant originally received charged him with aggravated murder, and this charge was subsequently amended. The plea proceedings do not indicate that the prosecuting attorney, the trial court, or defendant's trial counsel explained the elements of the amended charge. The court was not informed that the law regarding this offense had been explained to the accused by anyone and the facts supporting the charge were not stated in court. In accordance with all of the foregoing, I cannot conclude that defendant entered his guilty plea with an understanding of the charge leveled against him. I would therefore reverse and remand this matter for further proceedings.