[Cite as *State v. Stump*, 2016-Ohio-2723.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103109**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DYLAN C. STUMP

DEFENDANT-APPELLANT

## JUDGMENT:
## VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-592564-A and CR-15-592569-A

**BEFORE:** Kilbane, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 28, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Joan Bascone
Anthony Thomas Miranda
Frank Romeo Zeleznikar
Assistant County Prosecutors
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Dylan C. Stump, a.k.a. Dylan Harrison ("Stump"), appeals from his fifth-degree-felony domestic violence convictions resulting from his guilty plea in two different cases. At appellate oral argument, the state of Ohio conceded that Stump's domestic violence convictions are first-degree misdemeanors and not fifth-degree felonies. As a result, we vacate Stump's guilty plea and sentence in both cases and remand for further proceedings.

{¶2} In Case No. CR-15-592564-A, Stump was charged with felonious assault, with a pregnant victim specification, and domestic violence, with a furthermore clause that Stump knew the victim was pregnant at the time of the offense. In CR-15-592569-A, Stump was charged with domestic violence, with a pregnant victim specification. The charges arise from the physical altercations between Stump and his pregnant girlfriend on August 27 and August 28, 2014.

{¶3} Pursuant to a plea agreement, Stump pled guilty to amended counts of domestic violence in both cases. In Case No. CR-15-592564-A, the felonious assault count was amended to domestic violence and the pregnant victim specification was deleted. The remaining domestic violence count was nolled. In Case No. CR-15-592569-A, the domestic violence count was amended by the deletion of the pregnant victim specification. The trial court referred the matter for a presentence investigation report prior to sentencing. At the sentencing hearing, the trial court

sentenced Stump to 11 months in prison in each case, to be served consecutively, for a total of 22 months in prison.

{¶4} Stump now appeals, raising the following three assignments of error for review.

## Assignment of Error One

The trial court erred when it failed to advise [Stump] at the time of his plea that he was not eligible for community control sanctions and that he was facing a mandatory term of imprisonment by pleading guilty.

## Assignment of Error Two

Trial counsel was ineffective when counsel did not advise [Stump] that he faced a mandatory prison sentence, and then argued for a sentence that was less than the minimum sentence that could have been imposed by law.

## Assignment of Error Three

The trial court erred when it imposed consecutive terms of imprisonment without making the statutorily required findings.

## Guilty Plea

{¶5} In the first assignment of error, Stump challenges his guilty plea, claiming the court did not advise him that he was facing a mandatory prison term and defense counsel was ineffective for not advising him that he was ineligible for community control sanctions and for requesting community control sanctions as his sentence.

{¶6} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in

compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). A de novo standard of review "requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *Id.*

{¶7} In the matter before us, Stump was initially charged in Case No. CR-15-592564-A with felonious assault, with a pregnant victim specification, and domestic violence, with a furthermore clause that Stump knew the victim was pregnant at the time of the offense. In Case No. CR-15-592569, Stump was charged with domestic violence, with a pregnant victim specification. Both domestic violence counts were charged as fifth-degree felonies.

{¶8} In Case No. CR-15-592564-A, Stump pled guilty to domestic violence, instead of felonious assault, with the deletion of the pregnant victim specification, and the remaining domestic violence count was nolled. In Case No. CR-15-592569-A, he pled guilty to an amended count of domestic violence with the deletion of the pregnant victim specification. Both domestic violence counts were in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶9} Stump notes that the only form of fifth-degree felony domestic violence is when the defendant is aware that the victim is pregnant as set forth in R.C. 2919.25(D)(5). This section provides that "if the offender knew that the victim of the

violation was pregnant at the time of the violation, a violation of division (A) * * * of this section is a felony of the fifth degree, and the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section[.]" *Id.* R.C. 2919.25(D)(6) provides that a violation pursuant to R.C. 2919.25(D)(5) requires the court to "impose a mandatory prison term on the offender of at least six months." Consequently, Stump argues his plea was not knowingly, voluntarily, and intelligently made because he was under the misapprehension that he is eligible for community control sanction when, in fact, he is required to serve a mandatory term of six months of imprisonment on each count for fifth-degree felony domestic violence.

{¶10} However, when the pregnancy specification was deleted from both domestic violence counts in violation of R.C. 2919.25(A), Stump actually pled guilty to a first-degree misdemeanor as set forth in R.C. 2919.25(D)(2). As previously noted, the state conceded this at oral argument. R.C. 2919.25(D)(2) provides that "a violation of division (A) * * * of this section is a misdemeanor of the first degree." *Id.* Under R.C. 2929.24(A)(1), the trial court cannot impose a jail term of more than 180 days for first-degree misdemeanors.

{¶11} Throughout the plea hearing and sentencing, the trial court, the state, and defense counsel repeatedly and incorrectly referred to both counts as fifth-degree felonies, instead of first-degree misdemeanors. Both the prosecutor and defense counsel advised the court at the plea hearing that the charges as amended were fifth-degree felonies. During the plea colloquy, the trial court stated:

COURT: Based upon the statements of the prosecuting attorney and your lawyer, I believe it is your intention to plead guilty in each of your cases to amended indictments.

In case number 592564, it's my understanding that you'll plead guilty to amended Count 1, to domestic violence, in violation of 2919.25(A), a felony of the fifth degree. Is that your understanding?

[STUMP]: Yes, ma'am.

COURT: And in case number 592569, it's my understanding that you'll plead guilty to Count 1, domestic violence, deleting the pregnant victim specification.

[STUMP]: Yes, ma'am.

COURT: And that's in violation of 2919.25(A), a felony of the fifth degree.

And that pregnant victim specification is deleted in case number 592564, as well. Right?

[STUMP]: Yes, ma'am.
COURT: Do you understand that felonies of the fifth degree carry with them, maximum penalty of anywhere from six to twelve months in monthly increments and a fine of up to $2,500?

[STUMP]: Yes, ma'am.

COURT: Since you're pleading guilty to two separate cases, do you understand that if you are sent to prison your sentence could be run concurrently, where your sentence would be served at the same time, or consecutively? So that means if it's consecutive, your maximum prison sentence could be two years. Do you understand?

[STUMP]: Yes, ma'am.

* * *

COURT: You could also be placed under a community control sentence for up to five years. If you violate the terms of the sentence you could receive a more restrictive sentence, including prison time.

[STUMP]:    Yes ma'am.

{¶12} After the court accepted Stump's guilty pleas, defense counsel requested that Stump be referred for a presentence investigation report and be placed on a personal bond.   Defense counsel stated:

[DEFENSE COUNSEL]:    I know if you do give [Stump a personal bond], Your Honor, he would be out probably four or five weeks.   And I think at sentencing that would be a great opportunity for him to prove to the court that he would ultimately be a suitable candidate for community control sanctions.

{¶13} Then at sentencing, defense counsel asked the court to sentence Stump to community control sanction.   He stated:

[DEFENSE COUNSEL]:    I would ask this Court to consider him a candidate for Community Controlled Sanctions.   If he's granted that privilege, he certainly would be well aware there would be a No Contact Order that he can't have any contact with the victim here.
He needs to become a productive member of society, and he would be able to live with his father if he's released.   So we're asking the Court to grant him the privilege of Community Controlled Sanctions, so that he could show the Court what I think most importantly, one, that he needs to show that he can be a productive member of society; and two, that he can do it himself.

And I think he's locked in, at this point, and he's desirous of showing himself that he can ask the Court to give him that opportunity.   Thank you.

{¶14} It is clear from the guilty plea hearing that Stump pled guilty to amended charges of domestic violence, without the pregnant victim specification, in violation of R.C. 2919.25(A).   As amended, the offenses Stump pled to are first-degree misdemeanors, yet when accepting his plea the court found him guilty of a greater offense than what he admitted to committing.   He was convicted of fifth-degree felony domestic

violence even though the pregnancy specifications were deleted from both offenses. The deletion of this specification rendered each offense a first-degree misdemeanor.

{¶15} A "'universally recognized requirement of due process'" is the requirement that the defendant receive "'real notice of the true nature of the charge against him.'" *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941). If a defendant does not have notice of the correct charge against him, then his due process rights are violated. *Id.* "A violation of a defendant's due process rights is per se prejudicial, as it is a constitutional right." *State v. Davis*, 4th Dist. Highland No. 06CA21, 2007-Ohio-3944, ¶ 34. Moreover, a "'failure to comply with the requirements of Crim.R. 11 is plain error.'" *State v. Johnson*, 8th Dist. Cuyahoga No. 91884, 2009-Ohio-2268, ¶ 11, quoting *State v. Hlinovsky*, 7th Dist. Belmont No. 99 BA 65, 2001-Ohio-3247.

{¶16} Because the guilty plea proceedings do not support any inference that Stump pled guilty to a first-degree misdemeanor with a maximum of 180 days of imprisonment on each count and Stump was, in fact, sentenced to 22 months in prison (which is contrary to law as it is outside the permissible statutory range for first-degree misdemeanors), we find that his guilty plea is invalid. Under the facts of this case, where the misstatements permeated the plea proceedings, Stump could not have knowingly, intelligently, and voluntarily pled guilty to first-degree misdemeanor domestic violence.

**{¶17}** Accordingly, the trial court's error constitutes plain error and the first assignment of error is sustained.

<u>Ineffective Assistance of Counsel and Sentence</u>

**{¶18}** In the second assignment of error, Stump argues counsel was ineffective for failing to advise that he faced a mandatory prison sentence and for requesting community control sanction. In the third assignment of error, he argues that the trial court erred when it imposed consecutive sentences without making the statutorily required findings. However, our disposition of the first assignment of error renders these remaining assignments of error as moot and they need not be addressed. App.R. 12(A)(1)(c).

**{¶19}** Therefore, Stump's guilty plea and sentence is vacated in both Case Nos. CR-15-592564-A and CR-15-592569-A. The matters are remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR