[Cite as *State v. Weist*, 2018-Ohio-4504.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J |
| Plaintiff – Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17-CA-00046 |
| DAVID WEIST | |
| Defendant – Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:        Appeal from the Fairfield County
                                                              Municipal Court, Case No. 17CRB1041

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT ENTRY:        November 5, 2018

APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

DAVID R. KLEMP                             ANDREW T. SANDERSON
Assistant City Prosecutor                 Burkett & Sanderson, Inc.
City of Lancaster Law Director's Office   738 East Main Street
136 W. Main Street                           Lancaster, Ohio  43130
Lancaster, Ohio  43130

*Hoffman, J.*

**{¶1}** Defendant-appellant David L. Weist appeals his conviction and sentence entered by the Fairfield County Municipal Court, following his guilty plea. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

**{¶2}** Appellant was arrested on April 21, 2017, following a domestic disturbance. On April 24, 2017, affidavits were filed charging Appellant with aggravated menacing, in violation of R.C. 2903.21, a misdemeanor of the first degree; using weapons while intoxicated, in violation of R.C. 2923.15, a misdemeanor of the first degree; touching loaded weapon during stop, in violation of R.C. 2923.16(E)(4), a misdemeanor of the first degree; and failure to comply with lawful orders, in violation of R.C. 2923.16(E)(5), a misdemeanor of the first degree. Appellant appeared before the trial court for arraignment on April 24, 2017, and entered pleas of not guilty to the charges.

**{¶3}** Appellant filed a waiver of time on July 26, 2017. On September 21, 2017, Appellant filed a motion to suppress. Appellant subsequently entered into a plea agreement with the state. Pursuant thereto, Appellant agreed to withdraw his former plea of not guilty, and enter a guilty plea to aggravated menacing. In exchange, the state would dismiss the remaining three charges. Appellant appeared before the trial court for the change of plea hearing on September 27, 2017.

**{¶4}** On the record, Attorney David Shaver, defense counsel, reviewed the change of plea form with Appellant. The following discussion occurred:

**{¶5}** MR. SHAVER: You are admitting your guilt.

**{¶6}** THE DEFENDANT: Okay.

**{¶7}** MR. SHAVER: Okay. You have to initial these. It's stating that you are giving [sic] your right to a jury trial.

**{¶8}** (Defendant and counsel had a whispered conversation.)

**{¶9}** MR. SHAVER: Yes, you can.

**{¶10}** THE DEFENDANT: I was not aware of that.

**{¶11}** MR. SHAVER: If you don't want to go through with this today, that is your option. I'm going to make that clear on the record.

**{¶12}** THE DEFENDANT: Well, my concern is I did not know I could do a jury trial so I could bring in evidences [sic]. I understand it's easier for the State to do this, but it's not a big deal. It's a pride issue because I've never done this in my life.

**{¶13}** MR. SHAVER: Okay. Okay. So understanding you are waiving your right to a jury trial?

**{¶14}** THE DEFENDANT: Yep.

**{¶15}** MR. SHAVER: Okay. And no one has promised you anything other than this sheet recommending?

**{¶16}** THE DEFENDANT: We need to verify that I'm already under a doctor's care.

{¶17} MR. SHAVER: We will tell the Court that. But no one -- this is saying no one else has promised you anything.

{¶18} THE DEFENDANT: That's for sure.

{¶19} MR. SHAVER: You are -- and once again, you have the right to say no, I'm not, but you are satisfied with the legal advice I've given you. If you're not, then don't sign it.

{¶20} THE DEFENDANT: I'll hold off on that for a minute. I'm not under the influence of alcohol or drugs.

{¶21} MR. SHAVER: Okay.

{¶22} THE DEFENDANT: I would agree with that.

{¶23} MR. SHAVER: Okay. Once again, you don't have to do this. You don't have to go forward today. You can -- If you don't want to go forward today and you're not satisfied with legal advice, I'm sure the Court can appoint you a different attorney.

{¶24} THE DEFENDANT: That's all right. I can handle this (inaudible) sign.

{¶25} MR. SHAVER: Are you sure that's what you want to sign?

{¶26} THE DEFENDANT: I literally have no choice so this is fine.

{¶27} MR. SHAVER: Yes, you do have a choice. You can say that you're not --

{¶28} THE DEFENDANT: This is fine at this point.

{¶29} MR. SHAVER: Well, to do with this point, you can't go back on any of this.

**{¶30}** THE DEFENDANT: It's done.

**{¶31}** Transcript of September 27, 2017 Proceedings at 4-7.

**{¶32}** Appellant signed the change of plea form in open court. Thereafter, the trial court engaged in the following colloquy with Appellant:

**{¶33}** THE COURT: All right, Mr. Weist, the Court observes that the change of plea form from not guilty to guilty has been completed. It's been signed by you and it's been witnessed by your counsel, Mr. Shaver. Your initials appear in each of the six boxes that are immediately adjacent to the matters pertaining to you --

**{¶34}** THE DEFENDANT: Yeah.

**{¶35}** THE COURT: -- today, sir. Do you understand the rights that you are waiving by entering a plea of guilty to the charge of aggravated menacing?

**{¶36}** THE DEFENDANT: Yes, I do.

**{¶37}** THE COURT: And is that what you wish to do here this morning, sir?

**{¶38}** THE DEFENDANT: I literally have no choice.

**{¶39}** THE COURT: Yes, you do, sir. You don't have to. You can require the State to prove you guilty beyond a reasonable doubt in a jury trial where you don't have to testify against yourself. You saw what you -- the rights that you are waiving. You have the right to a jury trial, to confront witnesses against you, to have compulsory process for obtaining witnesses in your favor, and to require the Prosecutor to prove your guilt beyond a reasonable doubt, and if you did go to trial you wouldn't need to testify against yourself.

That's your choice, sir.

**{¶40}** THE DEFENDANT: Right. We understand that. I'm just asking my lady what she prefers because the night in question I did act inappropriately. That's irrelevant at this point and I am (inaudible) this.

**{¶41}** THE COURT: All right. And so you wish to plead guilty to this charge?

**{¶42}** THE DEFENDANT: That's fine.

**{¶43}** THE COURT: Okay. And, Mr. Shaver, you have -- the Court did hear you on the record. You have advised him of the consequences there in the guilty plea of this matter?

**{¶44}** MR. SHAVER: Correct, including I've talked to him about the consequences for concealed carry permit.

**{¶45}** Tr. at 7-9

**{¶46}** Thereafter, the trial court accepted Appellant's plea of guilty, finding it was knowingly and voluntarily entered. The trial court heard from the victim advocate. Attorney Shaver then spoke on Appellant's behalf. The trial court sentenced Appellant to a suspended sentence of 90 days in jail and ordered him to pay a $50 fine plus court costs. The trial court memorialized Appellant's conviction and sentence via Final Judgment Entry filed September 27, 2017.

**{¶47}** Appellant assigns as error:

THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE GUILTY PLEA OF DEFENDANT-APPELLANT.

I.

**{¶48}** In his sole assignment of error, Appellant contends the trial erred in accepting his guilty plea contending he categorically denied the charges to which he was pleading guilty.

**{¶49}** A guilty plea is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure a no-contest or guilty plea is made knowingly, intelligently, and voluntarily, the trial court must engage the defendant in a colloquy pursuant to Crim. R. 11(C) and inform him of certain constitutional and non-constitutional rights. *Id.* It is the trial court's duty to ensure a defendant "has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

**{¶50}** A plea may be involuntary if "the accused does not understand the nature of the constitutional protections he is waiving * * * or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), fn. 13. Thus, "a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley v. United States,* 523 U.S.

614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), quoting *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941).

**{¶51}** A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates* (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. *State v. Nero* (1990), 56 Ohio St.3d 106, 108

**{¶52}** In his Brief to this Court, Appellant submits, "It is clear from the record that Mr. Weist was struggling both with an understanding of the proceedings and an acceptance of guilt." Brief of Appellant at 5. We disagree.

**{¶53}** Attorney Shaver reviewed the change of plea form with Appellant. Appellant agreed he was admitting his guilt. Although Appellant commented he was unaware of his right to a jury trial, he acknowledged he understood he was waiving that right. When asked if he was sure he wanted to sign the change of plea form, Appellant remarked, "I have literally no choice so this is fine." Attorney Shaver explained to Appellant he had a choice and was not required to proceed.  Appellant replied, "This is fine at this point."  When the trial court asked him if he wished to enter a guilty plea, Appellant again stated, "I have literally no choice". The trial court advised Appellant he did have a choice, and again asked Appellant if he wished to plead guilty.  Appellant answered, "That's fine."

**{¶54}** After the trial court accepted Appellant's guilty plea, both Attorney Shaver and Appellant addressed the court.  Attorney Shaver described what occurred on the

evening of the offense and indicated Appellant had no intention of harming anyone or disobeying the police officer.  Thereafter, Appellant stated:

> I am a veteran. I take weapon handling very seriously. You know, I could have proved in the Court where I don't carry like that. That night I was on new medications. They were jacking me up terribly.  There is medical statements to prove that.

**{¶55}**  Tr. At 13.

**{¶56}** Upon review of the transcript of the change of plea hearing, we find Appellant's statements were not unequivocal declarations of his innocence but rather rational for his behavior on the evening of the incident and a resignation to the fact he was facing consequences for his decision.

**{¶57}** Based upon the foregoing, we find the trial court did not err in accepting Appellant's guilty plea.

**{¶58}** Appellant's sole assignment of error is overruled.

**{¶59}** The judgment of the Fairfield County Municipal Court is affirmed.

By: Hoffman, J.

Wise, John, P.J.  and

Wise, Earle, J. concur