**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO J. MENA, AKA A. J. Mena, | No. 17-55524 |
| Petitioner-Appellant, | D.C. No. 5:13-cv-00490-CJC-AFM |
| v. | |
| ROSEMARY NDOH, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted April 10, 2019
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and KATZMANN,** Judge.

Armando Mena appeals the district court's denial of his petition for habeas

relief. In 2011, Mena was indicted for eleven counts of committing a lewd act

upon a child under fourteen years of age in violation of California Penal Code §

288(a). In exchange for dropping those eleven counts, Mena pled guilty to five

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

new counts of committing a forcible lewd act upon a child under fourteen in violation of California Penal Code § 288(b)(1). Mena's trial counsel tried to discourage him from entering into this plea agreement, but Mena insisted on pleading guilty because he "[did not] want to put . . . the alleged victims through the trial process." Although Mena's trial counsel did not join in Mena's guilty plea, Mena verified that he had spoken with his trial counsel about the plea agreement and that he understood the consequences of his plea. The trial court did not discuss the elements of the counts to which Mena pled guilty during the plea colloquy. Mena was sentenced to a forty-year state prison term.

Following his sentencing, Mena sought to appeal his guilty plea on the basis that his trial counsel had provided ineffective assistance. Although Mena received the necessary certificate of probable cause to appeal his guilty plea, his appellate counsel filed a brief under the authority of *People v. Wende*, 600 P.2d 1071 (Cal. 1979), representing that there were no arguable issues on appeal. The court of appeal affirmed. Mena sought state and federal habeas relief, asserting that his plea was involuntary in a constitutional sense and that he had been rendered ineffective assistance by trial and appellate counsel. Mena exhausted his claims in state court, and the district court denied Mena's habeas petition.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

**1.** Mena claims that his guilty plea was not voluntary in a constitutional sense because he did not receive an explanation of the force element of the § 288(b)(1) charges. In *Henderson v. Morgan*, the Supreme Court held that a defendant's guilty plea could not be voluntary in a constitutional sense "unless the defendant received 'real notice of the true nature of the charge against him,'" including an explanation of each element of the crime. 426 U.S. 637, 645 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

The Supreme Court noted, however, that a plea would be found involuntary only in unique circumstances. *Id.* at 647. Where the record contains an explanation of the charge by the trial judge or a representation by defense counsel that counsel explained the elements of the charge to the defendant, the guilty plea is not involuntary under *Henderson*. *Id*. Even if neither of these representations is in the record, "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Id*.

It would not have been objectively unreasonable for the California Supreme Court to apply the *Henderson* presumption here. Mena verified on his plea form that he "had sufficient time to consult with [his] attorney concerning [his] intent to plead guilty/no contest to the [§ 288(b)(1)] charges" and that "[his] lawyer ha[d] explained everything . . . to [him]." Mena again verified to the district court that

3

he had discussed the plea offer with his trial counsel. Although the record contains neither an express explanation of the element of force by the trial court nor a representation by trial counsel that he explained the force element to Mena, the California Supreme Court could have reasonably presumed that Mena's trial counsel explained the elements of the § 288(b)(1) charges. *See Henderson*, 426 U.S. at 647. Furthermore, because the trial court conducted an evidentiary hearing to ascertain whether Mena understood the plea, Mena is not entitled to relief on the basis that the fact-finding process was unreasonable. Thus, the district court properly denied habeas relief on this ground.

**2.** Mena next contends that his trial counsel provided ineffective assistance by failing to explain the force element of the § 288(b)(1) charges. To demonstrate ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The probability of prejudice must be "sufficient to undermine confidence in the [case's] outcome." *Hurles v. Ryan*, 752 F.3d 768, 782 (9th Cir. 2014). Here, even if we assume deficient performance, Mena has not demonstrated that it was objectively unreasonable for the California Supreme Court to determine that there was no prejudice. Mena pled guilty for reasons unrelated to the nature of the charges against him and in spite of his trial counsel's advice not to plead guilty. Because

4

the California Supreme Court could have reasonably determined that Mena was not prejudiced by his counsel's performance, the district court did not err in denying habeas relief on this claim.

**3.** Mena lastly argues that his appellate counsel provided ineffective assistance by filing a *Wende* brief on direct appeal. Although a defendant has a right to be represented effectively by counsel on direct appeal, appellate counsel is not required to make arguments that are frivolous as a matter of professional judgment. *See Jones v. Barnes*, 463 U.S. 745, 751–52 (1983). In *People v. Wende*, the California Supreme Court established a constitutionally sufficient procedure by which appellate counsel may inform the court of the nature of an appeal and decline to brief issues judged to be frivolous. *See Smith v. Robbins*, 528 U.S. 259, 265 (2000); *Wende*, 600 P.2d at 1073–74. Appellate counsel's decision to file a *Wende* brief is reviewed under *Strickland*. *Smith*, 528 U.S. at 285.

As discussed previously, the California Supreme Court could have reasonably determined that neither Mena's involuntary plea claim nor his ineffective assistance of trial counsel claim constituted a viable appellate issue. Thus, it was not objectively unreasonable for the California Supreme Court to determine that Mena's appellate counsel did not perform deficiently by filing a *Wende* brief—even though Mena was granted a certificate of probable cause on his ineffective assistance of trial counsel claim. *See Delgado v. Lewis*, 223 F.3d 976,

981 (9th Cir. 2000) (noting that while filing a *Wende* brief after the defendant receives a certificate of probable cause is unusual, deficient performance stems from not briefing "very viable appellate issues").  Habeas relief was properly denied on this ground.

**AFFIRMED.**