**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE**

STATE OF WASHINGTON,

　　　　　　　　Respondent,

　　　　v.

MARC RICHARD VANSLYKE,

　　　　　　　　Appellant.

No. 82651-4-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — In May 2020, the State charged Marc Vanslyke with felony violation of a court order and interfering with domestic violence reporting, a gross misdemeanor. On December 1, 2020, he pleaded guilty as charged to both crimes. In May 2021, the court sentenced Vanslyke to 60 months of confinement on the felony charge and imposed 364 days of confinement on the misdemeanor count, but suspended that sentence.

After Vanslyke was sentenced, this court held in State v. Briggs, 18 Wn. App. 2d 544, 550, 553, 492 P.3d 218 (2021), that charging language, which is virtually identical to the information in this case, was constitutionally inadequate because it failed to apprise the defendant of an essential element of a willful violation of a court order. Vanslyke argues, and the State concedes, that the same defect in this case renders Vanslyke's plea constitutionally invalid. See Henderson v. Morgan, 426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976) (notice of the nature of the charge is "'the first and most universally

recognized requirement of due process'") (quoting <u>Smith v. O'Grady</u>, 312 U.S. 329 334, 61 S. Ct. 572, 85 L. Ed. 859 (1941); <u>see also</u> <u>In re Pers. Restraint of Keene</u>, 95 Wn.2d 203, 207, 622 P.2d 360 (1980) (guilty plea cannot be construed as voluntary unless the defendant is informed of the nature of the charge). Vanslyke further contends, and the State agrees, that the plea agreement was indivisible under <u>State v. Turley</u>, 149 Wn.2d 395, 400, 69 P.3d 338 (2003), and Vanslyke is entitled to withdraw both pleas even though the deficiency affected only one count. <u>See</u> <u>State v. Bisson</u>, 156 Wn. 2d 507, 519, 130 P.3d 820 (2006). The objective manifestations indicate that the parties intended to create an indivisible contract. Therefore, we accept this concession as well.

We remand to the trial court to allow Vanslyke to withdraw his pleas of guilty to felony violation of a court order and interfering with domestic violence reporting.[1]

_Andrus, A.C.J._

_Birk, J_

_Chun, J._

---

[1] Because we conclude that Vanslyke may withdraw his pleas to all counts, we need not reach the claims of ineffective assistance of counsel that he raises in a statement of additional grounds for review.