**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**May 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Brian Morgan,**
**Petitioner Below, Petitioner**

**vs.)  No. 20-0522** (Jackson County 19-C-33)

**Donnie Ames, Superintendent,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

# MEMORANDUM DECISION

Petitioner Brian Morgan, self-represented litigant, appeals the April 16, 2020, order of the Circuit Court of Jackson County denying his petition for writ of habeas corpus. Respondent Donnie Ames, Superintendent of Mount Olive Correctional Complex, by counsel Gordon L. Mowen, II, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, petitioner was indicted on five counts of first-degree sexual assault and ten counts of possession of child pornography. All fifteen counts related to a pattern of sexual contact petitioner had with a minor relative. The trial court appointed D.W. Bostic to represent petitioner in the criminal proceeding. Following a competency evaluation of petitioner by psychiatrist Dr. Ralph S. Smith, Jr., through which Dr. Smith determined that petitioner was criminally responsible and competent to stand trial, petitioner's case proceeded to a jury trial. At the conclusion of the trial, the jury found petitioner guilty on each count in the indictment.

After the trial, the trial court entered an order directing that petitioner undergo a pre-sentence sex offender evaluation ("SOE") to assist the court in determining petitioner's eligibility for probation. The evaluation was conducted by Dr. Smith. In his report, Dr. Smith concluded:

> ASSESSMENT AND OPINION: In my opinion, the defendant is not a suitable candidate for outpatient sex offender counseling. He denies the acts for which he has been convicted. He has serious paraphilic problems necessitating

1

treatment eventually, but only in an institutional setting. He would need medication to diminish his sexual drive along with intense treatment over a long period of time for his various paraphilic problems. The deviant sexual drive he has is intense and could be dangerous to children.

He will need continued treatment for his adjustment problems.

During petitioner's sentencing hearing, Mr. Bostic argued:

Mr. Morgan would like for me to argue for probation. I have explained to him that under the law, the report from the doctor disallows probation in this particular case. Specifically, by law, but I'm asking you anyway.

So I'm asking the [c]ourt to ignore West Virginia law, basically, and place Mr. Morgan on probation. I'm asking the [c]ourt to consider the year he's spent locked up to be punishment enough. I'm asking the [c]ourt to consider home confinement, even though, again, I know that I am asking the [c]ourt to do something that the law does not specifically allow the [c]ourt to do, because Mr. Morgan believes he can be a success on home confinement[.]

Upon consideration of Dr. Smith's SOE report and the pre-sentence investigation report, the trial court entered an order sentencing petitioner to a combined term of thirty-four to seventy-four years of incarceration for his convictions.

Petitioner appealed his convictions. Mr. Bostic represented petitioner in his appeal. By order entered on October 29, 2009, this Court refused the appeal.

In 2010, petitioner filed a petition for writ of habeas corpus in the Circuit Court of Jackson County. The circuit court appointed Matthew Victor to represent petitioner in the habeas corpus proceeding, and Mr. Victor filed an amended petition on petitioner's behalf (the "10-C-67 petition"). In the 10-C-67 petition, petitioner alleged he was

being held unlawfully due to "ineffective assistance of counsel at, practically, every stage of the proceedings" that resulted in the following:

a. the conviction was obtained because [Mr. Bostic] failed to seek and secure an independent mental competency, criminal responsibility and diminished capacity evaluation of the Petitioner;

. . . .

f. Dr. Ralph Smith should not have conducted the competency and criminal responsibility evaluation, *and* the post-trial report contemplated by WV Code § 62–12–2(e);

. . . .

2

i. the conviction was obtained because the Petitioner's trial counsel made no attempt to interview the victim; [and]

. . . .

k. the conviction was obtained because the Petitioner's trial counsel introduced an additional assault upon the victim at the victim's grandmother's residence[.]

*Morgan v. Ballard*, No. 11-1677, 2013 WL 149602, at *4-5 (W. Va. Jan. 14, 2013) (memorandum decision).

On June 28, 2010, the circuit court conducted a hearing on petitioner's *Losh* list,[1] and petitioner appeared for that hearing by videoconference. During the hearing,

Petitioner testified that he met with his counsel, Mr. Victor, and discussed the amended petition. After the [c]ourt and Mr. Victor made inquiry of the Petitioner, the [c]ourt found that the Petitioner was fully advised of his rights regarding the omnibus hearing process, and with advice of counsel, he voluntarily, intelligently, and knowingly waived all habeas grounds not contained in the [] *amended petition for writ of habeas corpus* prepared by Mr. Victor. Specifically, Petitioner understood that the grounds not raised in the amended petition, addressed during the *Losh* hearing, were forever waived and relinquished by the Petitioner.

*Morgan*, 2013 WL 149602, at *4.

At a subsequent hearing, petitioner advised the circuit court that he would not call any witnesses or present any new evidence in support of his amended petition at his upcoming omnibus evidentiary hearing. The omnibus hearing began in February of 2011. Despite the circuit court having entered a transport order, petitioner was not transported to the courthouse for the hearing. The following exchange took place between the circuit court and counsel for the parties:

THE COURT: . . . Well, Mr. Bostic is here, Mr. Victor. You want your client to testify by teleconferencing?

. . . .

MR. VICTOR: . . . There may be -- there may be, you know, an issue of him trying to communicate with me somehow during the proceedings or whatnot, and I don't know that can be accommodated by teleconference, but I would really like to -- after two or three continuances, I really would like to move this thing along.

---

[1] *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

THE COURT: Well, the least that's going to happen today is Mr. Bostic is going to testify.

. . . .

THE COURT: So you do not want to present your case today?

MR. VICTOR: Right. I -- right. I would reserve that right. But since Mr. Bostic is here --

. . . .

MR. WILLIAMS [State's counsel]: Your Honor, I don't want to run Mr. Bostic up and down the interstate, so I'm inclined to call Mr. Bostic, but Mr. Victor has made an interesting point, and that would be that his client might want to whisper something in his ear while we're doing examination of Mr. Bostic, and I think, you know, that's kind of a valid point. Certainly --

. . . .

THE COURT: [] [T]here are allegations made about the mental capacity of Brian Morgan, but if it's true, would suggest to the Court he would be very little aid to counsel.
So, you know, as far as I'm concerned, we're going to go ahead with it.

. . . .

THE COURT: If the petitioner wants additional questions asked, supposedly, you could have him come back or you could have him --

MR. WILLIAMS: Telephonically?

THE COURT: Perhaps. Or you could do a -- send him questions to answer under oath.

MR. VICTOR: Your Honor, I'm willing to do that. And I will ask that any transcript of Mr. Bostic's testimony be prepared so I can go over this with Mr. Morgan.

The circuit court proceeded by hearing the testimony of Mr. Bostic. It is undisputed that Mr. Victor cross-examined Mr. Bostic at length. Following Mr. Bostic's testimony, the circuit court continued the hearing to give petitioner the opportunity to appear in person and testify. On April 6, 2011, petitioner appeared before the circuit court in person, at which time he again advised the court that he was choosing not to testify.

Ultimately, the circuit court entered a final order denying the 10-C-67 petition.

4

Specifically, with regard to the retention of Dr. Smith to conduct a criminal responsibility examination and to prepare a post-trial report, the circuit court determined that Dr. Smith was an independent, unbiased, qualified forensic evaluator and that it was appropriate for Dr. Smith to prepare the post-trial report. *See Morgan*, 2013 WL 149602, at *10, *20.

Petitioner appealed the circuit court's final order to this Court. On appeal, petitioner re-alleged the grounds for relief set forth in the 10-C-67 petition. By memorandum decision, this Court affirmed the circuit court's order denying the 10-C-67 petition, adopting the circuit court's "well-reasoned findings and conclusions as to the assignments of error raised in this appeal." *Morgan*, 2013 WL 149602, at *2.

About six months later, petitioner filed a petition for habeas corpus in the United States District Court for the Southern District of West Virginia. Therein, he again raised, among other things, the issue of whether Mr. Bostic was ineffective by permitting Dr. Smith to prepare the post-trial SOE report. *See Morgan v. Ballard*, No. 2:13-20212, 2014 WL 4629413, at *3 (S.D. W. Va. Aug. 12, 2014). By memorandum opinion and order, the district court ruled against petitioner and dismissed the entire case. *See Morgan v. Ballard*, No. 2:13-cv-20212, 2014 WL 4629584, at *2 (S.D. W. Va. Sept. 15, 2014).

On May 1, 2019, petitioner, who was at the time self-represented, filed a petition for writ of habeas corpus in the Circuit Court of Jackson County. Later that month, the circuit court entered an order summarily dismissing some of the claims in the petition on the basis that the claims had either been finally adjudicated or intelligently and knowingly waived in the prior habeas proceeding.[2] As for the remaining claims, the circuit court appointed Paul Knisley to represent petitioner and directed Mr. Knisley to file an amended petition on petitioner's behalf. The circuit court also denied petitioner's request to "expand the record through a post conviction psychological evaluation," but the court gave counsel leave to file a similar motion "pursuant to any applicable law if warranted."

As directed by the circuit court, Mr. Knisley filed an amended habeas corpus petition (the "19-C-33 petition") on behalf of petitioner. The 19-C-33 petition asserted that petitioner received ineffective assistance of counsel from Mr. Victor when Mr. Victor failed to ask the circuit court for a retrospective competency determination to ascertain whether petitioner was competent to stand trial, when Mr. Victor permitted the omnibus hearing to take place without petitioner, and when Mr. Victor "never offered evidence in the form of a proposed order." The 19-C-33 petition also requested that petitioner be permitted to participate in a "retrospective competency

---

[2] Specifically, the circuit court summarily dismissed petitioner's claims that Mr. Victor provided ineffective assistance of counsel because he did not allege Mr. Bostic failed to seek mitigation evidence before trial, that Mr. Victor was ineffective because he did not allege Mr. Bostic failed to prepare petitioner to testify at trial, and that Mr. Bostic failed to request a second competency evaluation.

evaluation" to determine whether he was indeed competent to stand trial.[3]

About one month after the 19-C-33 was filed, petitioner, on his own behalf, filed a motion to file pro se issues and an amended petition for writ of habeas corpus ("pro se petition"). In the motion, he claimed that Mr. Knisley had refused to submit a brief and appendix prepared by petitioner; that Mr. Knisley failed to submit the issue of a "due process violation which centers around the prosecutions [sic] failure to file a pleading to have Petitioner declared a violent predator prior to denying him probation eligibility"; and that Mr. Victor had indeed submitted an extensive proposed order in the prior habeas proceeding, despite the assertion to the contrary in the 19-C-33 petition. Petitioner asked the circuit court to "consider his pro se issues" and "at the very least . . . make a finding of fact and conclusions of law on those issues." In the pro se petition, petitioner asserted three assignments of error.[4]

By order entered on April 16, 2020, the circuit court denied the 19-C-33 petition filed by Mr. Knisley without a hearing. The circuit court found that the proceedings involving petitioner's first request for habeas corpus relief were res judicata as to all the issues petitioner had raised in his motion to file pro se issues and pro se petition to the extent that they were not already addressed in the 19-C-33 petition. The circuit court went on to find that the remaining issues, all of which were asserted in the 19-C-33 petition, involved the alleged ineffective assistance of Mr. Victor.

On the issue of a retrospective competency evaluation, the circuit court concluded that petitioner's claim on this issue failed to satisfy the first prong of the *Strickland* test[5] because petitioner had not shown that "Mr. Victor's performance was deficient under an objective standard of reasonableness." With regard to petitioner's claim that Mr. Victor's assistance was ineffective because Mr. Victor failed to submit a proposed final order to the Court, the circuit court found that the record did not support the claim.

Finally, with regard to petitioner's claim that Mr. Victor's representation was ineffective because he proceeded with the omnibus hearing without petitioner being present, the circuit court determined that, pursuant to *Thomas v. Leverette*, 161 W. Va. 224, 239 S.E.2d 500 (1977), and *Smith v. Mirandy*, No. 12-0374, 2013 WL 6184038 (W. Va. Nov. 26, 2013) (memorandum decision), petitioner did not need to be present at the hearing because he was represented by counsel and because his testimony was not required at that hearing. The circuit court found that although petitioner claimed the outcome of the 10-C-67 petition would have been different had he been present at the hearing on February 14, 2011, petitioner had not "suggested a single substantive question or objection Mr. Victor could have or should have made[] or otherwise suggested how Petitioner's case was hindered by his absence." The circuit court also noted that prior to the hearing

---

[3] With regard to the request for a retrospective competency evaluation, petitioner now asserts in this appeal that "[t]his issue is, without a doubt, the most ridiculous issue ever presented in a case where competency was determined prior to trial."

[4] The assignments of error in the pro se petition are identical to the assignments of error asserted in this appeal. *See infra* note 6.

[5] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

on February 14, 2011, petitioner had advised the court that he did not intend to testify, that he ultimately did not testify, and that the hearing in February of 2011 was not the only evidentiary hearing. The circuit court concluded:

> [E]ven if it was "deficient under an objective standard of reasonableness" for Mr. Victor to "permit" the February 14, 2011, hearing to proceed without petitioner— which this [c]ourt explicitly *does not* find—there is no reasonable probability that, but for Mr. Victor's actions, the result of the proceedings would have been different.

Consequently, the circuit court determined that petitioner was not entitled to judgment on any of his claims, it denied the 19-C-33 petition and the motion to file pro se issues, and it dismissed the case.

Petitioner now appeals the circuit court's April 16, 2020, order to this Court. We review the denial of a habeas corpus petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). "On an appeal to this Court the [petitioner] bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the [lower] court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

In that this appeal involves the second petition for habeas corpus filed by petitioner in the circuit court, we observe that

> [a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981). Herein, petitioner claims that he received ineffective assistance from his trial counsel, Mr. Bostic, and his habeas counsel,

Mr. Victor, resulting in the violation of his rights under various provisions of the Constitution of the United States and the Constitution of West Virginia.[6]

Petitioner alleges that Mr. Bostic's performance was deficient because Mr. Bostic failed to adequately investigate and prepare petitioner's case for trial and sentencing, failed to question the victim or the victim's stepmother before the trial, failed to adopt a tenable trial strategy, failed to convey commitment to petitioner's case by eliciting an uncharged act of sexual assault upon the victim during the trial, and failed to object to the trial court's selection of Dr. Smith to perform the SOE after Dr. Smith had performed petitioner's initial competency examination. Petitioner has not asserted that he was unaware of these alleged deficiencies in his prior habeas proceeding or that he could not have known of these deficiencies with the exercise of reasonable diligence in his prior habeas proceeding. Indeed, our decision affirming the denial of petitioner's first habeas corpus petition reveals that some of the claimed deficiencies were known by petitioner and raised in his first habeas corpus proceeding. Upon our examination of the issues that were not raised in the prior habeas proceeding, we find that petitioner should have known of those issues, through the exercise of reasonable diligence, at the time he filed his first habeas corpus petition. Consequently, we find that the alleged deficiencies concerning Mr. Bostic's performance were either finally adjudicated through the first habeas action or intelligently and knowingly waived during the hearing on June 28, 2010. The necessary result of these findings is that petitioner's prior habeas corpus proceeding is res judicata as to the claimed deficiencies in Mr. Bostic's performance. Therefore, we determine that, in the present habeas corpus proceeding, the circuit court did not err by summarily dismissing petitioner's claims as to Mr. Bostic's performance.

---

[6] Although petitioner dedicates a portion of his brief to his argument concerning Mr. Bostic's representation, petitioner's three assignments of error focus on Mr. Victor's representation. The assignments of error are as follows:

1. Habeas counsel was ineffective in that he[] (1) waived petitioner's presence during the testimony of his trial counsel at the omnibus habeas corpus proceeding, and (2) failed to object to a sentencing predicated on a sex offender evaluation that did not contain the mandatory ongoing treatment plan, all in violation of petitioner's rights under the Sixth and Fourteenth Amendments of the United States Constitution, and under [the] West Virginia Constitution, Article Three, Sections Five, Ten, and Fourteen.

2. Habeas counsel was ineffective in waiving the petitioner's presence during the habeas hearing, in violation of the petitioner's rights under the confrontation and due process clauses of the sixth and fourteenth amendments of the United States Constitution.

3. Habeas counsel was ineffective in failing to raise the court's due process violation under amendments sixth [sic] and fourteen of the United States Constitution, by denying the petitioner eligibility for probation even though he met the criteria.

Turning now to the performance of Mr. Victor, we observe that petitioner claims Mr. Victor's assistance was ineffective because Mr. Victor waived petitioner's presence at the omnibus hearing, failed to allow petitioner the right to testify during the omnibus hearing, and failed to offer argument as to the use of the "flawed" SOE report in petitioner's sentencing. As this claim involves the alleged ineffective assistance of petitioner's counsel at the prior omnibus hearing, the claim, unlike petitioner's claim as to Mr. Bostic's performance, is not barred by the doctrine of res judicata.

With regard to ineffective assistance of counsel claims, this Court has held:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Petitioner must satisfy both prongs of this test to be entitled to relief. *See id.* In reviewing counsel's performance under this two-pronged test,

> courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of [petitioner's] counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as [petitioner's] counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6, in relevant part.

Our scrutiny of counsel's performance is "highly deferential." *Id.* at 16, 459 S.E.2d at 127 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). "When assessing whether counsel's performance was deficient, we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]'" *Id.* at 15, 459 S.E.2d at 126 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). We apply the rule of contemporary assessment when evaluating counsel's performance, examining counsel's actions "according to what was known and reasonable at the time [counsel] made his or her choices." Syl. Pt. 4, in part, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

We first address petitioner's assertion that Mr. Victor's performance was "clearly deficient" because Mr. Victor waived petitioner's presence at the omnibus hearing. Petitioner alleges that Mr. Victor permitted the prosecutor and the circuit court to pressure him into waiving petitioner's right to be present, and that had petitioner been present, petitioner would have been able to pose questions or argument during the questioning of Mr. Bostic. Petitioner asserts that the circuit court made a competency determination concerning petitioner's ability to assist Mr. Victor during the hearing and that petitioner was entitled to be present when the court made that

determination. Petitioner also contends that although curative measures were discussed during the omnibus hearing, they "were not followed up on." Lastly, petitioner argues that his exclusion from the hearing violated his Sixth Amendment confrontation right and the Fourteenth Amendment and denied him his right to a full and fair hearing under West Virginia Code § 53-4A-1(b).[7]

We find no merit, under either prong of the *Strickland/Miller* test, to petitioner's argument concerning his absence from the omnibus hearing during the questioning of Mr. Bostic. The Sixth Amendment to the Constitution of the United States provides, "In all *criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI (emphasis added). "The Fourteenth Amendment renders [this right] binding on the States." *Michigan v. Bryant*, 562 U.S. 344, 352, 131 S.Ct. 1143, 1152 (2011). As we explained in *Perdue*, a habeas corpus "proceeding is civil in nature, not criminal." 156 W. Va. at 468, 194 S.E.3d at 659; *see also* W. Va. Code § 53-4A-1(a), in relevant part ("All proceedings in accordance with this article shall be civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case."). Accordingly, because habeas corpus proceedings are not criminal prosecutions, the Sixth Amendment right to confrontation does not attach in habeas corpus proceedings. Moreover, although petitioner argues that his exclusion from the hearing violated the Fourteenth Amendment, he provides no explanation as to how his rights under this amendment were violated or any law in support of the argument. We have repeatedly recognized that "[a] skeletal 'argument', really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State, Dep't of Health and Human Res. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Here, petitioner has failed to demonstrate that his absence from the habeas corpus proceeding violated his Sixth Amendment or Fourteenth Amendment rights. Accordingly, we must conclude that Mr. Victor's performance was not deficient for failing to advance those rights in the first habeas proceeding. Indeed, this Court has previously recognized that "there is no requirement that the petitioner be present at all stages of the habeas corpus hearing." *Thomas*, 161 W. Va. at 227 n.1, 239 S.E.2d at 502 n.1.

While petitioner argues he did not receive a full and fair omnibus hearing, the facts of this case clearly demonstrate that he did, despite being absent during the questioning of Mr. Bostic.

---

[7] West Virginia Code § 53-4A-1(b) provides:

> For the purposes of this article, a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been previously and finally adjudicated only when at some point in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, there was a decision on the merits thereof after a full and fair hearing thereon and the time for the taking of an appeal with respect to such decision has not expired or has expired, as the case may be, or the right of appeal with respect to such decision has been exhausted, unless said decision upon the merits is clearly wrong.

There is no dispute that Mr. Victor cross-examined Mr. Bostic at length and that the omnibus hearing was continued following Mr. Bostic's testimony to permit petitioner to appear in person to testify. Petitioner appeared in person at the subsequent hearing, and there is no indication in the appendix record that petitioner advised the circuit court at that time that he was unaware of what had transpired at the prior hearing, that he was dissatisfied with his counsel's cross-examination of Mr. Bostic, or that he desired to ask more questions of Mr. Bostic. Although petitioner argues on appeal that, had he been present at the first omnibus hearing, he could have assisted Mr. Victor by posing questions or argument during that hearing, petitioner has not mentioned a single question or argument he would have posed or how his presence would have changed the outcome of the proceeding. Furthermore, petitioner's argument that he was entitled to be present because the circuit court made a competency determination at the hearing is not borne out of the transcript of the hearing; circuit court merely observed that petitioner might not be of any assistance to Mr. Victor during the hearing. Consequently, we must conclude that under the specific facts of this case, the circuit court did not err by refusing to grant petitioner relief in habeas corpus on this ground.

Petitioner's second assertion concerning Mr. Victor's performance—that Mr. Victor provided ineffective assistance by failing to allow petitioner the right to testify during the omnibus hearing—also fails to satisfy either prong of the *Strickland/Miller* test. This claim is directly contradicted by the appendix record, which shows that the omnibus hearing was continued so that petitioner could appear in person to testify, that petitioner did appear in person at the subsequent hearing, and that petitioner expressly declined to exercise his right to testify. Thus, Mr. Victor's representation, in producing petitioner in person to testify, was not deficient. Furthermore, even if Mr. Victor's representation was in some way deficient, petitioner has not described how the outcome of the proceeding would have been different had he testified. Therefore, we determine that the circuit court did not err by refusing to grant petitioner relief in habeas corpus on this ground.

In his third assertion concerning Mr. Victor's performance, petitioner argues that Mr. Victor provided ineffective assistance because Mr. Victor failed to identify the due process violation that occurred when petitioner was sentenced pursuant to a SOE report that did not contain an ongoing treatment plan. He argues that West Virginia Code § 62-12-2(e) requires that an SOE report contain an ongoing treatment plan and that the SOE report prepared by Dr. Smith did not include one, depriving the trial court of jurisdiction to sentence petitioner. Petitioner also argues that Dr. Smith was not permitted to make a decision as to whether petitioner received probation. Petitioner contends that Mr. Bostic allowed the flawed report to be used in petitioner's sentencing and that, but for the circuit court's consideration of the SOE report, petitioner would have been eligible for probation. Petitioner asserts that, by failing to offer any argument concerning this due process violation, Mr. Victor provided petitioner with ineffective assistance of counsel and violated a panoply of petitioner's constitutionally protected rights.

West Virginia Code § 62-12-2(a) (2006) provides that "[a]ll persons who are found guilty of or plead guilty to any felony, the maximum penalty for which is less than life imprisonment, . . . shall be eligible for probation, notwithstanding the provisions of [W. Va. Code §§ 61-11-18 to -

11

19].”[8] Where a person is found guilty of certain crimes, including those for which petitioner was convicted, West Virginia Code § 62-12-2(e) conditions eligibility for probation on "undergoing a physical, mental and psychiatric study and diagnosis which shall include an on-going treatment plan requiring active participation in sexual abuse counseling at a mental health facility or through some other approved program." W. Va. Code § 62-12-2(e).

We have held that "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 3, *State v. Jones*, 216 W. Va. 666, 610 S.E.2d 1 (2004) (quoting *State v. Rose*, 156 W. Va. 342, 192 S.E.2d 884 (1972); *see also* Syl. Pt. 2, *State ex rel. Strickland v. Melton*, 152 W. Va. 500, 165 S.E.2d 90 (1968) ("Probation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime."). Accordingly, an individual who may be *eligible* for probation pursuant to the West Virginia Code § 62-12-2 is not *entitled* to probation. *See State v. Loy*, 146 W. Va. 308, 318, 119 S.E.2d 826, 832 (1961) ("[A] defendant convicted of a crime has no absolute right to probation"). Because no criminal defendant is entitled to probation upon conviction, a defect with regard to the preparation of an SOE cannot give rise to a due process violation. *See Christopher H. v. Martin*, 241 W. Va. 706, 710, 828 S.E.2d 94, 98 (2019) ("Christopher H. has not demonstrated a deprivation of due process insofar as probation, the alternative sentence that he might have received had he undergone a sex offender evaluation, is not guaranteed, but, rather, is solely a matter of grace within the circuit court's discretion.").

Having considered petitioner's argument that Mr. Victor's performance was deficient as to the SOE report, we find that the argument lacks merit and fails to satisfy either prong of the *Strickland/Miller* test. First and foremost, contrary to petitioner's claim, the SOE report *did* contain an ongoing treatment plan: the administration of medication to diminish petitioner's sexual drive and intense treatment in an institutional setting for his paraphilic problems. Furthermore, Dr. Smith's opinion concerning petitioner's suitability for probation, as set forth in the SOE report, was not prohibited by any provision of the law. In that the SOE report was prepared in conformity with West Virginia Code § 61-12-2(e), petitioner's argument that the trial court lacked jurisdiction to sentence petitioner pursuant to the report must necessarily fail,[9] and Mr. Victor had no legal obligation to advance petitioner's meritless contention that the SOE report was not consistent with the statute.

Second, any issue concerning Mr. Bostic's handling of the SOE report was either previously and finally adjudicated in favor of Mr. Bostic in the first habeas action or intelligently and knowingly waived during the hearing on June 28, 2010. As a result, the prior habeas proceeding, in which this Court did not find that Mr. Bostic's representation of petitioner was ineffective, is res judicata in this proceeding as to Mr. Bostic's handling of the SOE report.

---

[8] We note that West Virginia Code § 62-12-2 was amended in 2019; however, the amendments have no impact on this case and did not change the substantive effect of the subsections at issue in this matter.

[9] Even if the SOE report was somehow deficient, we note that the trial court's jurisdiction to sentence petitioner was not predicated on the completion of the SOE report. *Cf. Christopher H.*, 241 W. Va. 706, 828 S.E.2d 94 (affirming sentence where no SOE was conducted).

12

Therefore, there was no basis for Mr. Victor to challenge Mr. Bostic's performance regarding the SOE report.

Third, even if we determined that petitioner received ineffective representation from either Mr. Bostic or Mr. Victor on this issue, which we expressly do not, petitioner had no due process right to receive probation, regardless of petitioner's eligibility for probation. Thus, his due process rights could not have been violated by Mr. Victor's decision not to advance petitioner's position concerning the SOE report.

Fourth and finally, even if petitioner received what he considered to be a favorable SOE report, he cannot show that the outcome of the sentencing proceeding would have been different. The crimes for which the jury convicted petitioner—first-degree sexual assault and possession of child pornography—are categorically abhorrent. *Cf. Christopher H.*, 241 W. Va. at 712, 828 S.E.2d at 100 (finding that the crime of sexual abuse by a parent is "in a category of the most loathsome of crimes"). It is apparent that, given the number and severity of petitioner's crimes, the trial court would not have suspended petitioner's sentence and imposed probation under any circumstance. *Cf. Christopher H.*, 241 W. Va. at 712, 828 S.E.2d at 100 (affirming the lower court's denial of a petition for writ of habeas corpus where the petitioner did not receive an SOE, finding that the petitioner's underlying offenses were abhorrent, and concluding that the sentencing proceedings would not have been different had an SOE been performed). Accordingly, we conclude that the circuit court did not err by refusing to grant petitioner relief in habeas corpus on the ground that petitioner received ineffective assistance of counsel from Mr. Victor regarding the SOE report.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton